The order below is hereby signed.

Signed: October 18 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
MAHBOBEH SHARIATI,                 )    Case No. 20-00161
                                   )    (Chapter 13)
            Debtor.                )

ORDER MAKING THE DISMISSAL OF THIS CASE WITH
PREJUDICE FOR 180 DAYS AFTER JULY 16, 2020; IMPOSING
SANCTIONS AGAINST THE DEBTOR UNDER FED. R. BANKR. P. 9011; AND
<u>DENYING ANY RELIEF SOUGHT IN THE DEBTOR'S FILING OF JULY 20, 2020</u>

On July 16, 2020, the court entered its *Order Dismissing Case, Dismissing Frivolous Filings, and Directing the Debtor to Show Cause Why the Court Ought Not Impose Sanctions Against Her under Fed. R. Bankr. P. 9011*, reciting:

> The debtor's *Objection* [to the trustee's motion to dismiss] and multiple other filings are facially without merit. Other filings include a *Motion for Revesting Properties* (Dkt. No. 48)—seeking the return of property alleged to be the subject of orders issued in a prior case in another district as well as the expungement of detention records held in another state, an *Objection to Notice of Mortgage Payment Change* (Dkt. No. 60) that the creditor opposes (Dkt. No. 80), and an *Objection* (Dkt. No. 68)—that asks the court to revisit its *Order Denying Confirmation of the Chapter 13 Plan* (Dkt. No. 65), objects to creditors' proofs of claim, and asks the court to revisit a judgment issued by the Superior Court. The latest *Objection* (Dkt. No. 72) again asks the court to revisit its *Order Denying Confirmation of the Chapter 13 Plan*, objects to proofs of claim, opposes the Chapter 13

>   trustee's *Motion to Dismiss* (Dkt. No. 69), and moves to be discharged from secured debt.
>   . . .
>   This court is not the proper forum to raise objections to orders issued by another court. The debtor or the debtor's spouse must timely move for reconsideration by the court that issued the order, or file an appeal to the court having appellate jurisdiction over that court.
>   The debtor's motions and objections raised in the filings noted above with respect to matters before this court are frivolous and without merit. For example, paragraph 9 of Docket No. 60 laments that a creditor attempted to foreclose on secured property prior to the debtor filing her petition, notes that she filed the petition to stop the foreclosure, and further alleges that the creditor has advised her that the foreclosure process will resume after bankruptcy ends, even if she is discharged from prepetition debt. A discharge from personal debt does not avoid a lien against property owned by the debtor. Further, the debtor states no arguable grounds for which the court could reconsider denial of confirmation of her Chapter 13 plan.
>   Nothing in the *Motion for Revesting Properties* (Dkt. No. 48) or in the various objections filed by the debtor or her husband (Dkt. Nos. 47, 60, 68, and 72) warrant denying the trustee's *Motion to Dismiss*. The dismissal of the bankruptcy case warrants dismissal of all of those papers instead of retaining jurisdiction over them. However, those filings are so frivolous that under Fed. R. Bankr. P. 9011, I will direct the debtor to show cause why, as a sanction for violating Rule 9011, this court ought not bar the debtor from filing a new bankruptcy case for 180 days and require that she first file a motion in any future case for leave to file any paper commencing a contested matter or an adversary proceeding before she may be allowed to file such a paper.

The order then:

>   ORDERED that with 14 days of the date of entry of this order, the debtor shall file a paper stating any cause she may have as to why, pursuant to Fed. R. Bankr. P. 9011:
>
>   (1) the court ought not issue an order barring her from filing a new bankruptcy case for a period of 180

days; and

    (2) the court ought not issue an order barring her in any future bankruptcy case from filing any paper commencing a contested matter (or an adversary proceeding) and seeking affirmative relief from this court without first (a) having filed a motion for leave to file the paper and (b) having obtained an order granting her leave to file the paper.

The debtor filed a paper on July 20, 2020 (Dkt. No. 87), but has not filed anything else after entry of the court's order on July 16, 2020. The debtor's filing of July 20, 2020, has failed to show cause why the court ought not impose sanctions as indicated by its order entered on July 16, 2020.

It is difficult to discern precisely what the debtor was attempting to accomplish via her filing of July 20, 2020 (Dkt. No. 87)[1] but the body of the filing and the proposed order submitted as part of the filing suggest that the debtor is challenging the validity of a lien or liens asserted against the

---

[1] The filing is titled:

4th OBJECTION TO order on THURSDAY July 16, 2020 WITHOUT HEARING AND CANCELL HEARING SCHEDULED ON FRIDAY 17,2020 WITHOUT ANY NOTICE TO I, Shariati, ORDER DENY CONFORMATION OF ZERO DOLLAR TO FALSE PROOF OF CLAIM OF SPS, Shariati's right to due process of law denied over and over and it is violation of Shariati's constitution right, Motion demand provide proof of FACTS AND evidence regarding proof of claim filed on 5/27/20 by SPS and its counsel BWW LAW GROUP, LLC., regarding mortgage servicer SPS sver Ln No: 876980683. I, Shariati deny, deny, deny any mortgage loan Obtain from SPS. NOTICE ANOTHER OPPORTUNITY TO SPS AND BWW LAW GROUP,LLC., TO CURE. MOTION CONFORMATION OF ZERO DOLLAR payment, PER CHAPTER 13 TRUSTEE'S REPORT DATED 6/1/20 ALLOWED ZERO DOLLAR AND BALANCE ZERO DOLLAR.

debtor's property.  The case having been dismissed, it is inappropriate to file in the dismissed case an objection to the claim of any entity asserting a lien against the debtor's property.

Accordingly, I will impose sanctions, and will deny as not properly before the court the relief sought in the debtor's filing of July 2020 (Dkt. No. 87).  It is thus

ORDERED that the debtor is barred for a period of 180 days after July 16, 2020, from filing a new bankruptcy case.  It is further

ORDERED that the debtor is barred in any future bankruptcy case from filing any paper commencing a contested matter (or an adversary proceeding) and seeking affirmative relief from this court without first (a) having filed a motion for leave to file the paper and (b) having obtained an order granting her leave to file the paper.  It is further

ORDERED that any relief sought by the debtor's paper filed on July 20, 2020 (Dkt. No. 87) is denied as not properly sought in this court in this dismissed case.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of filings; all entities on BNC mailing list.

Behrouz Shaykholeslami
502 Nutley Street, S.W.
Vienna, VA 22180